WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edilberto Rodriguez-Vega, | No. CV-15-00164-TUC-BPV |
| Movant, | (No. 14-24387PO-BPV) |
| v. | **ORDER** |
| USA, | |
| Respondent. | |

Pending before the Court is Movant's *pro se* Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 1). Respondent has filed a Response (Doc. 4). For the following reasons, the Court denies the Motion and dismisses this action.

**I.   PROCEDURAL HISTORY**

On April 1, 2014, Movant was charged by criminal complaint with illegal reentry in violation of 8 U.S.C. § 1326(a),(b)(1), a felony, (Count One) and illegal entry in violation of 8 U.S.C. §1325, a misdemeanor (Count Two). (Doc. 1) *filed in United States v. Edilberto Rodriguez-Vega,* No. 14-24387PO-BPV ("No. 14-24387PO-BPV")). On April 1, 2014, with the assistance of counsel, Movant executed a plea agreement pleading guilty to the misdemeanor charge of illegal entry in exchange for, *inter alia,*

dismissal of the felony charge and a stipulated sentence of 150 days of imprisonment. (Plea Agreement (Doc. 1-1) *filed in* No. 14-24387PO-BPV).  At the change of plea proceeding, Movant acknowledged that he is a citizen of Honduras, he had entered the United States illegally and on or about March 30, 2014, he was found at or near Green Valley, Arizona, and also that on or about March 20, 2014, he entered the United States at or near Sasabe, Arizona, at a time and place other than as designated by Immigration Officers of the United States. (*Id.*).  Movant was sentenced to 150 days of imprisonment with credit for time served, as stipulated in the Plea Agreement. (Judgment (Doc. 1, p.2) *filed in* No. 14-24387PO-BPV); *see also* Plea Agreement (Doc. 1-1, p. 2) *filed in* 14-24387PO-BPV (the sentence "will commence at the time of plea and sentencing.")).

The docket also reflects that on August 26, 2014, Movant was arrested pursuant to a warrant on charges of violation of conditions of supervised release relating to a conviction in the Western District of Texas in which he was sentenced to 21 months of imprisonment followed by 3 years of supervised release. (*See* Doc. 1, *filed in United States v. Edilberto Rodriguez-Vega,* No. 14-150-mj-DTF (D. Ariz.) (supervised release commenced on March 14, 2013)).  On August 27, 2014, Movant was committed to the Western District of Texas.  (Doc. 4, *filed in* No. 14-150-mj-DTF).  On November 5, 2014, the Honorable Alia Moses, District Judge for the Western District of Texas, found that Movant violated the terms of supervised release and committed Movant to the custody of the U.S. Bureau of Prisons for a term of 18 months, "to run consecutive to Docket No. 14-24387M – District of Arizona, Tucson, Division, pursuant to 18 U.S.C. § 3583(e)(3)."   (Doc. 39 *filed in United States v. Edilberto Rodriguez-Vega,* CR 11-1370(1)-AM (W.D. Tex.)).

Although it appears that Movant has already served the 150 days imposed by this Court in No. 14-24387PO-BPV, he may challenge that sentence so long as he is still in custody under a sentence running consecutive to that sentence. *Cf. Garlotte v. Fordice,* 515 U.S. 39, 47 (1995) (habeas petitioner subject to consecutive sentences may challenge conviction for sentence already served so long as he is still in custody under sentence

consecutive to that challenged);  *United States v. Hillary,* 106 F.3d 1170, 1172 (4th Cir. 1997) (applying *Garlotte* in context of §2255 motion).

## II. DISCUSSION

Movant raises three grounds for relief before this Court.  In Ground One, he raises a duress defense to the charges against him.  In Ground Two, Movant alleges that he was denied due process by immigration officials during expedited removal proceedings. In Ground Three, Movant alleges that he was denied effective assistance of counsel in violation of the Sixth Amendment during the change of plea proceeding.

### A. SUMMARY DISMISSAL

A motion filed pursuant to §2255 collaterally attacking a sentence, should be presented to the court which imposed the allegedly improper sentence.  28 U.S.C. § 2255; Rule 4(b) of the Rules Governing Section 2255 Proceedings. Section 2255(a) authorizes the district court to "vacate, set aside or correct" a sentence of a federal prisoner that "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Under § 2255, a district court must grant a hearing to determine the validity of a petition unless it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief. *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994); Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. "Merely conclusory statements in a § 2255 motion are not enough to require a hearing." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).  As set forth below, the record supports the conclusion that summary dismissal under Rule 4(b) is warranted because Movant has waived his right to file a § 2255 motion.

### B. WAIVER

In his Plea Agreement, Movant agreed, in pertinent part, to

> waive[]: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. If the defendant files a notice of appeal or habeas petition,

> notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether the defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement.

(Plea Agreement (Doc. 1-1, p.2 at ¶6), *filed in* No. 14-24387PO-BPV).  Although there are "strict standards for waiver of constitutional rights[,]" *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1102 (9th Cir.2005), "[a] defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *United States v. Rahman,* 642 F.3d 1257, 1259 (9th Cir.2011) (citation omitted).

Plea agreements are contractual in nature and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir.2005) (a waiver of appellate rights is enforceable if the language of the waiver encompasses the right to appeal on the grounds raised and the waiver is knowingly and voluntarily made), *overruled on other grounds by United States v. Castillo*, 496 F.3d 947, 957 (9th Cir.2007) (en banc); *see also United States v. Pruitt,* 32 F.3d 431, 433 (9th Cir. 1994) (a defendant may waive the statutory right to bring a §2255 action challenging the length of his sentence). However, "[t]he scope of a section 2255 waiver may be subject to potential limitations."  *Bahena de Sotela v. United States,* 2014 WL 923790, *5 (S.D. Cal. Mar. 4, 2014).  For example, the waiver may not apply to preclude appeal if the sentence imposed was not in accordance with the negotiated plea agreement, *see United States v. Navarro-Botello,* 912 F.2d 318, 321 (9th Cir. 1990), if the district court failed to comply with Rule 11 of the Federal Rules of Criminal Procedure, *see United States v. Myers,* 804  F.3d. 1246 (9th Cir. 2015), if the waiver itself was involuntary or if ineffective assistance of counsel rendered the waiver involuntary, *see Washington v. Lampert,* 422 F.3d 864-71 (9th Cir. 2005); *Pruitt,* 32 F.3d at 433; *United States v. Abarca,* 985 F.2d 1012, 1014 (9th Cir. 1992); *see also Jeronimo,* 398 F.3d at 1156 n.4 (declining to hold that a waiver of all statutory rights included claims implicating the voluntariness of the waiver).

Here, Movant's plea agreement included an express waiver of his right to

- 4 -

collaterally attack his sentence under §2255. Movant's claims for relief alleged in Grounds One and Two of his motion, on their face, do not specifically challenge the voluntariness of the waiver, nor does he argue that the sentence imposed was not the sentence negotiated in the plea agreement. Movant's claim of ineffective assistance of counsel alleged in Ground Three is predicated on the "pressure" he felt to sign the plea agreement, and "psychological pressure" that prevented him from speaking about his fear of returning to Honduras. (Motion, (Doc. 1, pp. 4-5) *filed in Edilberto Rodriguez-Vega v. United States,* CV 15-164-TUC-BPV)). Movant claims that defense "counsel was not aware of his psychological condition and did not care of his sufferings and the wants and needs to stay in this country[]", and he makes the general assertion that defense counsel failed to inform him about "his rights" in court and in United States. (*Id.* at p. 5).

Generally, the waiver of the right to file for relief under §2255 in a plea agreement precludes the movant's claims of ineffective assistance of counsel not pertaining to the voluntariness of the waiver. *See Ramirez-Valdez v. United States,* 2005 WL 2416361, *2 (D.Ariz. Sept. 21, 2005) (waiver of right to file for relief under §2255 in plea agreement precluded movant's claim of ineffective assistance of counsel during sentencing because his claim did not pertain to the voluntariness of the waiver). During the change-of-plea proceeding, the Court first informed the defendants appearing before the Court, including Movant, that if during the hearing he wished to speak to his lawyer or wished the Court to explain something in more detail, to please stand and the Court would accommodate his needs. The Court explained the possible punishment under both counts of the Complaint and the terms of the plea agreement including that in exchange for dismissal of the felony charge, Movant, would: enter a guilty plea to the lesser offense; agree to a specified sentence; and waive his right to appeal. The Court also advised that Movant's conviction could be used to increase the penalty in any future case and could be used to formally deport him from the United States. The Court informed Movant that he had the right to enter a plea of not guilty and to request a separate, individual, felony jury trial on the greater charge. The Court went on to explain that at the jury trial, Movant would be

represented by his lawyer and he could force the government to bring witnesses into court to testify in his presence and to be cross-examined by his attorney, and he could call any witnesses favorable to his case who were within the subpoena power of the court. Further, Movant had the right to remain silent during trial and the jury would be instructed that they could not hold his silence against him.  The Court then advised that that if Movant had any questions or wished to reject the plea agreement he should stand. Movant did not stand.  Thereafter, the Court asked Movant whether he understood the rights and consequences and whether he waived them and entered a plea of guilty knowing he would be sentenced to 150 days, to which Movant answered  in the affirmative.  Movant then admitted the factual basis for his guilty plea.

It is well-settled that "[i]n assessing the voluntariness of the plea, statements made by a criminal defendant contemporaneously with his plea should be accorded great weight."  *Chizen v. Hunter,* 809 F.2d 560, 562 (9th Cir. 1986) (citing *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977)); *see also United States v. Mims,* 928 F.2d 310, 313 (9th 1991) (stating in §2255 case: "We attach substantial weight to contemporaneous on-the-record statements in assessing the voluntariness of pleas.").   Thus, Movant's contemporaneous statements regarding his understanding of the plea agreement carry substantial weight in determining that his entry of a guilty plea, including waiver of his right to appeal, was knowing and voluntary.   The Court not only provided Movant with an explanation of the plea agreement, the rights he was giving up including is right to appeal, and his rights should he decide to go to trial, but the Court also provided Movant with the opportunity to ask questions of the Court and his counsel, which Movant chose not to do. Instead, Movant assented to, *inter alia,* waive his rights and enter a plea of guilty to the lesser of the two charges against him.

Movant does not allege that counsel failed to discuss the plea agreement, including the waiver of his right to appeal, with him or that counsel failed to discuss his options should he choose not to accept the plea.  Further, when the Court expressly gave Movant the opportunity to ask questions of the Court or to further confer with counsel,

Movant did not indicate he wished to do either. Instead, he agreed to waive his rights and accept the plea agreement in exchange for dismissal of the more serious felony charge which exposed him to a greater punishment. "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge,* 431 U.S. at 74. The record reflects that Movant was adequately informed of the consequences of his plea, including his waiver of the right to appeal. Movant's conclusory allegations do not undermine the record. Because Movant was adequately informed of the consequences of his plea, Movant's guilty plea, including waiver of his rights, was voluntary and knowing. *See United States v. Guesar,* 2009 WL 2259714, *4 (July 27, 2009) (citing *Boykin v. Alabama,* 395 U.S. 238, 242-43 (1969)). Consequently, the Court finds that Movant waived his right to seek relief under §2255 and the Motion is subject to summary dismissal.

### III.   CONCLUSION

For the foregoing reasons,

IT IS ORDERED that Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 1 in CV 15-164-TUC-BPV and Doc. 4 in 14-24387PO-BPV) is DENIED and the civil action opened in connection with that motion is DISMISSED.

Dated this 11th day of December, 2015.

_____
Bernardo P. Velasco
United States Magistrate Judge